200 So. 577

### TEAL v. STATE.

8 Div. 868.

Court of Appeals of Alabama.

Jan. 14, 1941.

Rehearing Denied Feb. 18, 1941.

58

200 So. 791

**ADAIR v. STATE.**

6 Div. 669.

Court of Appeals of Alabama.

Feb. 4, 1941.

Rehearing Denied Feb. 18, 1941.

W. C. Rayburn, of Guntersville, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of violating the "prohibition laws," Code 1923, § 4615 et seq., by illegally having in his possession a quantity of whiskey.

He is represented here by able and astute counsel, who has duly furnished us with a brief.

We can see no need for a detailed discussion of the evidence—nor, · for that matter, of a reference by us to other questions than those mentioned in the said brief · of appellant's counsel.

The first contention is that there was no proof of the venue; and, that for this reason, the "general affirmative charge" should have been given to the jury at appellant's request.

But the bill of exceptions refutes, squarely, this contention. So it will not be noticed, further.

It is next contended that the trial court erred in refusing to give to the jury at appellant's request a certain written charge—purported to be quoted in appellant's brief, and purportedly re-quoted in the brief filed here on behalf of the State. But we can find no such written charge in the transcript sent up here, and hence do not consider what counsel have to say.

We have endeavored to perform our full duty under the terms of Code 1923, Sec. 3258, but do not find in any ruling or action of the trial court an error for which the judgment of conviction should be reversed.

It is affirmed.

Affirmed.